Filed 9/16/24  P. v. Partida CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C098550 |
| v. | (Super. Ct. No. 22F02340) |
| ERIC MIRANDA PARTIDA, | |
| Defendant and Appellant. | |

A jury convicted defendant Eric Miranda Partida of discharging a firearm at an occupied motor vehicle (Pen. Code, § 246 – count 1)[1] and assault with a firearm (§ 245, subd. (a)(2) – counts 2 and 3).  The trial court sentenced defendant to an aggregate prison term of four years, which included the middle term of three years on the count 2 conviction for assault with a firearm, designated as the principal count.

---

[1]  Undesignated statutory references are to the Penal Code.

1

Defendant now contends the trial court did not understand its discretion in sentencing him to the middle term on the principal count. Finding no merit in the contention, we will affirm the judgment.

BACKGROUND

Following the jury's guilty verdicts, the trial court referred defendant's case to the probation department (the department) for a report and recommendation on sentencing. In its report, the department noted there were no aggravating circumstances warranting an upper term and defendant did not have a substantial criminal history. It concluded there had been some provocation and it recommended a sentence of three years on count 1 and a stay of the sentences on counts 2 and 3. The People filed a sentencing memorandum urging the trial court to impose the middle term on one of the count 2 or 3 assault convictions, a consecutive one-third the middle term on the remaining assault conviction, and stay the term on the count 1 discharge of a firearm at a vehicle conviction.

At sentencing in May 2023, the trial court said it had reviewed the department's report and the People's sentencing memorandum. The trial court also reviewed a letter from the intake director of a drug program that found defendant to be a suitable candidate.

The trial court then gave its tentative sentencing decision. It found that defendant was not statutorily eligible for probation and that the circumstances were not unusual to warrant a grant of probation. It determined there had been insufficient provocation, defendant was not a youthful offender, and defendant was not experiencing mental health issues. It explained, however, that even if the circumstances had been unusual, it would not grant probation because the crimes were serious, defendant was an active participant, he had previously been convicted for carrying the same firearm, he did not have a job, he has no dependents, and he showed little remorse. (Cal. Rules of Court, rule 4.414.) The trial court indicated that based on the overall picture, defendant was a danger to society.

The trial court then acknowledged its discretion to choose the principal term. It adopted the People's position that the sentence on the count 2 assault conviction should be designated the principal term.

The trial court said section 1170, subdivision (b)(1) and (b)(6) provided the sentencing structure for a middle term unless a different term was justified by particular factors. It said it had no basis to impose an aggravated term or a lower term, referencing the factors under California Rules of Court, rules 4.413, 4.414, and 4.423, and finding that the offenses could reoccur. It said it understood that the department concluded there was some provocation, but the trial court found there was not sufficient provocation.

The trial court agreed with the department that defendant's criminal history had not been significant, but it noted he was illegally carrying a firearm when convicted of a misdemeanor charge, he had just come off probation for that, testimony established he knew he was not to carry it, and then he carried it again illegally in a circumstance of an alarming use.

The trial court indicated it intended to impose the middle term of three years on the count 2 assault conviction. It then considered the two remaining charges under section 654 and concluded the count 3 assault was a separate and distinct criminal act but the count 1 discharge of a firearm at a vehicle was not. Accordingly, the court said it intended to sentence defendant to an aggregate term of four years in state prison, and it invited argument from counsel. The People submitted on the tentative ruling.

Defense counsel accepted the trial court's invitation for argument and thanked the trial court for the in-depth analysis. Defense counsel argued defendant was immature and naïve, someone who needed guidance regarding his impulsiveness. Defense counsel said defendant was forthcoming in the investigation and truly believed he had acted in self-defense. Under these circumstances, counsel argued, rehabilitation should be the focus, not punishment, and defendant should get the benefit of probation. Counsel challenged

3

the trial court's tentative determinations regarding provocation and the application of section 654, and further argued for probation or a low term.

The trial court adopted its tentative as the sentence, explaining that it designated the sentence on the count 2 conviction for assault as the principal term because if it had selected the sentence on the count 1 conviction as the principal term, it would have resulted in a greater sentence. The trial court sentenced defendant to the middle term of three years on the count 2 assault conviction, a consecutive one-year term on the count 3 assault conviction, and it imposed but stayed a three-year term on the count 1 discharge of a firearm conviction.

Finding defendant indigent, the trial court waived the public defender fees and stayed a $900 restitution fine (§ 1202.4) and a $900 parole revocation fine (§ 1202.45). It imposed a $40 court operations assessment (§ 1465.8, subd. (a)) and a $30 criminal conviction assessment (Gov. Code, § 70373), and it awarded defendant 444 days of presentence custody credit.

## DISCUSSION

Defendant contends the trial court did not understand its discretion in sentencing him to the middle term on the principal count.

Defendant was sentenced in May 2023, after the amendments to section 1170, subdivision (b)(6) went into effect. (Stats. 2021, ch. 731 (Senate Bill No. 567) (2021-2022 Reg. Sess.), eff. Jan. 1. 2022.) We presume a trial court understands the law and does its duty absent a showing otherwise. Here, the trial court considered the probation report as well as the People's sentencing memorandum, and at sentencing it spent significant time discussing its tentative decision. It explained why it did not intend to grant probation, why it selected the sentence on the count 2 assault as the principal term, and why it concluded the section 1170, subdivision (b)(6) factors did not support a low term. The trial court further explained how defendant's criminal conduct was serious even if he did not have a significant criminal history, and why it believed a middle term

4

was appropriate for the principal term.  There was no argument or suggestion at the hearing that the trial court did not understand its discretion or that it abused its discretion, but defendant now focuses on certain statements made by the trial court to suggest that the trial court did not understand its discretion.  Viewed in the context of the entire record, however, it is clear the trial court exercised its discretion, explained in detail the decisions it was making, and did not abuse its discretion.  We find no basis in the record to conclude otherwise.

Defendant's contention lacks merit.

DISPOSITION

The judgment is affirmed.


_____/S/_____
MAURO, J.


We concur:


_____/S/_____
ROBIE, Acting P. J.


_____/S/_____
DUARTE, J.


5